UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PATRICK BRENNAN | : CIVIL ACTION |
| Plaintiff, | : No. |
| v. | : |
| MONROE COUNTY CORRECTIONAL FACILITY, WARDEN GARRY HAIDLE, DIRECTOR OF TREATMENT LEA BAYLOR, PRIMECARE MEDICAL, INC. AND JOHN DOES AND JANE DOES #1-10, a fictitious name used to designate an unknown party | : CIVIL ACTION – COMPLAINT AND DEMAND FOR JURY TRIAL |
| Defendants. | |

### CIVIL ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Andrew Patrick Brennan, a resident at 1510 Magnolia Street, Belton, TX 76513 by and through his attorneys, van der Veen, Hartshorn, Levin & Lindheim, says by way of Complaint against the Defendants, as follows:

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is invoked pursuant to 42 U.S.C. § 1983.

2. The practices alleged in this complaint were and are being committed in the Middle District of Pennsylvania, wherein, upon reasonable belief, all of the parties reside, govern, and operate. Therefore, venue in this Court is invoked under 28 U.S.C. §§1331 and 1343 (1), (3) and (4).

## PARTIES

3. Plaintiff Andrew Patrick Brennan is an adult male and citizen of the State of Texas.

4. Defendant Monroe County Correctional Facility (hereinafter "MCCF") is a department and/or division of the County of Monroe with a business address at 4250 Manor Dr. Stroudsburg, PA 18360.

5. At all times relevant herein, it is believed and, therefore, averred that Defendant, Garry Haidle is an adult male and believed to be a citizen of the Commonwealth of Pennsylvania, with a business address c/o the Monroe County Correctional Facility, 4250 Manor Dr. Stroudsburg, PA 18360.

6. At all times relevant herein, it is believed and, therefore, averred that Defendant, Lea Baylor is an adult female and believed to be a citizen of the Commonwealth of Pennsylvania, with a business address c/o the Monroe County Correctional Facility, 4250 Manor Dr. Stroudsburg, PA 18360.

7. At all times relevant hereto, Defendant Haidle was the Warden of the Monroe County Correctional Facility, and was empowered to and did formulate, establish, and enforce policies at the facility regarding detention and safety of inmates, including Plaintiff herein.

8. At all times relevant hereto, Defendant Lea Baylor was the Director of Treatment of the Defendant Monroe County Correctional Facility, and was empowered to and did formulate, establish, and enforce policies at the facility regarding detention and safety of inmates, including Plaintiff herein.

9. At all times relevant herein, Defendant PrimeCare Medical, Inc., is a corporation, partnership and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania acting by and through its agents, servants, workers, employees

and/or other representatives, including its physicians and nursing staff, and acting in furtherance of its separate and/or individual status and/or acting as the agents, contractors and/or other representatives of the Defendant Monroe County Correctional Facility.

10. At all times relevant herein, Plaintiff Andrew Brennan entrusted his well-being to the Defendants herein, who held themselves out, inter alia, as competent to diagnose and/or otherwise treat serious medical conditions, as hereinafter more fully detailed at length.

11. On or about July 1, 2022, Plaintiff Andrew Brennan was arrested and ultimately placed in the general population at MCCF.

12. When arrested, it is believed and, therefore, averred that Defendants, by and through their agents, servants, workers and/or other representatives, specifically the medical staff, knew that Plaintiff underwent eye surgery, specifically selective laser trabeculoplasty surgery in June 2022, which required, inter alia, eye drops to reduce intraocular pressures.

13. Despite knowledge of the Plaintiff's eye condition, Defendants by and through their agents, servants, workers and/or other representatives, specifically the medical staff created, condoned, ratified and/or ignored a known serious medical condition associated with his eyes by refusing and/or deliberately ignoring, without cause or justification such medical condition and failed to provide proper and adequate medical attention, specifically the administration of medically needed eye drops to reduce and maintain depressed eye pressures.

14. It is believed and, therefore, averred that Defendants, by and through their agents, servants, workers, employees and/or other representatives implicitly if not explicitly created and allowed an environment where it was foreseeable that the Plaintiff's condition would worsen.

15. Despite the obvious cause and injuries inflicted as the result of the condition, Defendants, by and through their agents, servants, workers, employees and/or other representatives placed the Plaintiff in the general population, without proper medical attendance and care.

16. None of the Defendants herein, by and through their agents, servants, workers, employees and/or other representatives, responded to the multiple pleas for medical assistance or sought to intervene protect Plaintiff.

17. At all times relevant hereto, Defendants were employees of the Monroe County Correctional Facility, and were acting under the color of state law.

18. At all times relevant hereto, the Monroe County Correctional Facility was vicariously liable for negligent, reckless, intentional, wrongful, deliberately indifferent, and unlawful conduct of Defendants.

19. At all times relevant hereto, all Defendants were aware of, and recklessly and deliberately indifferent to the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring, and investigation relating to the detention and protection of individuals who were susceptible to medical conditions including but not limited to Plaintiff.

20. All Defendants acted with deliberate indifference and without due care, in failing to provide needed medical attention for the Plaintiff Andrew Brennan. All Defendants acted with deliberate indifference to the need for additional and/or different training, testing, rules, regulations, policies, procedures, guidelines, and directives in failing to adequately monitor Plaintiff Andrew Brennan while he was in their exclusive custody.

21. The lack of supervision and medical treatment upon Plaintiff Andrew Patrick Brennan were the direct and proximate result of the recklessness and deliberate indifference of all Defendants named herein. Such reckless and deliberate indifference consisted of:

   a. failing to provide regular and continuous observation and supervision and/or control of Andrew Brennan's activities and well-being;
   b. failing to remove Andrew Brennan to consultation and/or hospital for medical care;
   c. failing to properly protect Andrew Brennan from deterioration of his well-being, given his then and there known medical condition;
   d. leaving Andrew Brennan unattended and unmonitored for long periods of time without proper referral, care, assessment and treatment;
   e. failing to timely evaluate and provide medical treatment to Andrew Brennan;
   f. failing to refer Plaintiff for an eye evaluation;
   g. failing to provide necessary medical treatment and care, including eye drops;
   h. delay in the administration of medical care and treatment;
   i. failing to refer Plaintiff for consultation and/or medical facility or to an eye specialist when needed and indicated;
   j. Such other and further acts of deliberate indifference as may be revealed through discovery.

22. As a direct result of the negligent, reckless, deliberately indifferent, intentional, outrageous, and wrongful conduct of the Defendants, jointly and/or severally, as set forth above and herein, Plaintiff Andrew Brennan suffered severe injuries and damages, including but not limited to the following:

   a. injuries to eyes;
   b. pain and suffering;
   c. mental anguish;
   d. humiliation; and
   e. embarrassment.

23. As a direct and proximate result of all the conduct of the Defendant, as described at length above and herein, Plaintiff Andrew Brennan was severely and irreparably injured.

24. As a direct and proximate result of the conduct of all Defendants named herein, and the injuries of the Plaintiff Andrew Brennan caused thereby were compelled to spend sums of money.

## COUNT I

## CIVIL RIGHTS

**PLAINTIFF v. MONROE COUNTY CORRECTIONAL FACILITY, WARDEN GARRY HAIDLE, DIRECTOR OF TREATMENT LEA BAYLOR, PRIMECARE MEDICAL, INC. AND JOHN DOES AND JANE DOES #1-10**

25. Plaintiff repeats and reallege the preceding paragraphs as though fully set forth herein.

26. The conduct of the Defendants as set forth above, acting under color of state law, and/or otherwise was intended to harm the Plaintiff Andrew Brennan and was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy, and liberty of the Plaintiff Andrew Brennan, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to the Plaintiff Andrew Brennan, and was so egregious as to shock the conscience.

27. The conduct of the Defendants as set forth above violated the Plaintiff Andrew Brennan's constitutional rights to be free from unreasonable searches and seizures, rights to medical care in custody, rights to be free from cruel and unusual punishment, rights to privacy, and to substantial and procedural due process, as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. § 1983.

28. As a direct and proximate result of the violations of Plaintiff Andrew Brennan's civil rights, he was caused to suffer grievous physical injuries as set forth above and herein.

**WHEREFORE**, Plaintiff Andrew Brennan demands judgment against all defendants, individually and/or jointly and severally, in excess of One Hundred Fifty Thousand ($150,0000) dollars, exclusive of interest and costs, which sum includes, but is not limited to:

   a. Damages and costs of suit recoverable by plaintiff;
   b. All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case;
   c. All damages recoverably under 42 U.S.C. § 1983.

**COUNT 2**
**MEDICAL MALPRACTICE**

**PLAINTIFF v. MONROE COUNTY CORRECTIONAL FACILITY, WARDEN GARRY HAIDLE, DIRECTOR OF TREATMENT LEA BAYLOR, PRIMECARE MEDICAL, INC. AND JOHN DOES AND JANE DOES #1-10**

29.   Plaintiff hereby incorporates by reference all prior allegations set forth in paragraphs 1 through 28, inclusive, as though same were hereinafter set forth herein at length.

30.   At all relevant and material times hereto, Defendants, were entrusted with the care, attendance and responsibility to oversee the Plaintiff, specifically his health and well-being.

31.   Notwithstanding this duty, Defendants ignored and/or refused to provide the Plaintiff with proper and necessary medical care and attendance.

32.   The medical malpractice, negligence, carelessness, recklessness, willful and wanton conduct, omissions and failures to comply with the applicable standards of medical care and conduct on the part of Defendants, by and through their agents, servants, workers, employees and/or other representatives, consisted of the following:

   (a) Refusing ignoring and failing to adequately monitor the physical condition of the Plaintiff while he was incarcerated;

   (b) Recognizing that the Plaintiff was admitted with a serious eye condition but refusing, ignoring and failing to provide any medical care to him for such serious medical condition;

7

(c) Refusing, ignoring and failing to prescribe and administer eye medications, despite knowing that Plaintiff had been taking such medications prior to his detention;

(d) Refusing, ignoring and failing to ensure that the eye pressure levels of Plaintiff were monitored and/or obtained;

(e) Refusing, ignoring and failing to make sure that Plaintiff would have reasonable follow-up medical care to determine his eye ;

(f) Refusing, ignoring and failing to examine Plaintiff with the care and skill ordinarily exercised in similar cases by a physicians and/or nursing staff;

(g) Refusing, ignoring and failing to take the medical history of Plaintiff with the care and skill ordinarily exercised in similar cases by a physicians and/or nursing staff;

(h) Refusing, ignoring and failing to recognize in a timely manner, or at all, that Plaintiff required medical care and attention for his serious medical eye;

(i) Refusing, ignoring and failing to comply with the needs of Plaintiff with regard to necessary intervention by qualified medical care practitioners and physicians;

(j) Refusing, ignoring and failing to comply with the needs of Plaintiff with regard to necessary intervention for his serious eye medical condition;

(k) Refusing, ignoring and failing to properly and adequately provide treatment by an appropriate specialist preventing and depriving Plaintiff from receiving needed medical treatment for his serious eye medical condition;

(l) By having in its employ, individuals inadequate to deal with signs and symptoms exhibited and to act upon them in a manner calculated not to preserve the health and safety of the Plaintiff;

(m) Failing to possess and exercise the degree of knowledge, care and skill;

(n) Knowing that Plaintiff was suffering from a serious eye condition yet failing, refusing and

ignoring to provide any medical care to him for such condition;

(o) Failing to conform to all applicable standards of medical care under the circumstances;

(p) Failing to properly and adequately order diagnostic tests to assess and monitor the eye condition of the Plaintiff;

(q) Failing to properly and adequately educate, supervise, monitor and train its staff;

(r) Failing to obtain timely and proper medical consultations;

(s) Failing to properly respond to the deteliorating and worsening condition of Plaintiff in the face of known and/or suspected signs and symptoms;

(t) Misrepresenting qualifications and credentials associated with the performance and practice of medicine;

(u) Failing to properly document and assess the medical condition and well-being of the Plaintiff's;

(v) Failing to order diagnostic tests of Plaintiff;

(w) Failing to provide proper and adequate staffing;

(x) Failing to properly investigate, hire, educate, train, supervise its medical staff and personnel;

(y) Corporate negligence;

(z) Vicarious liability;

(aa) Hiring persons who were otherwise unfit and incompetent to practice medicine in the Commonwealth of Pennsylvania.

33.  As a direct and proximate result of the negligence and/or carelessness of the Defendants, Plaintiff suffered serious personal injuries, including but not limited to vision loss; was caused to endure pain, suffering, mental shock and anguish; incurred medical expenses and may in the future incur additional medical expenses.

34. As a direct and proximate result of the negligence and/or carelessness of the Defendants, Plaintiff, was caused to endure pain, suffering, mental shock and anguish; effects on his avocations and occupations, emotional upset, incurred medical expenses and may in the future incur additional medical expenses.

35. As a direct and proximate result of the negligence and/or carelessness of the Defendants, Plaintiff suffered a diminution of their quality of life; and may endure future pain and suffering; and were otherwise injured and damaged.

36. As a further result of the negligence and/or carelessness of the Defendants, Plaintiff has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period in the future.

37. As a direct result of the negligence and/or carelessness of the Defendants, Plaintiff has or may hereafter incur other financial expenses and/or compensatory losses to which he may otherwise be entitled to recover.

**WHEREFORE**, Plaintiff Andrew Brennan demands judgment against all defendants, individually and/or jointly and severally, in excess of One Hundred Fifty Thousand ($150,0000) dollars, exclusive of interest and costs, which sum includes, but is not limited to:

a. Damages and costs of suit recoverable by plaintiff;
b. All other damages and relief as is deemed necessary and equitable by the Court and/or jury presiding over this case;
c. All damages recoverably under 42 U.S.C. § 1983.

VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM

BY: _____
**JERRY A. LINDHEIM, ESQUIRE**
ID No. 53099
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
jlindheim@mtvlaw.com
Attorneys for Plaintiff

Date: 6-12-24

DocuSign Envelope ID: 4BB23387-5619-4098-A403-F5DD5D7EFF66

# VERIFICATION

I, Andrew Patrick Brennan, verify that I am the Plaintiff herein and that the facts set forth in the foregoing Responses to Request for Admissions are true and correct to the best of my knowledge, information, and belief.

I further understand that this statement is subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

Signed: _____    Dated: 06-12-2024

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDREW PATRICK BRENNAN

### DEFENDANTS
MONROE COUNTY CORRECTIONAL FACILITY, ET AL.

(b) County of Residence of First Listed Plaintiff: **Bell County Texas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Monroe**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
van der Veen, Hartshorn, Levin & Lindheim
Jerry A. Lindheim, ESQ.
1219 Spruce Street Phila, PA 19107 215-546-1000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ excess of $150,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6-12-24
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____